IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RANDY REAM § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> VIKING ENTERPRISES, INC. d/b/a § <br> CITY AMBULANCE SERVICES, and § <br> MOHAMAD MASSOUD, § <br> § <br> Defendants. § | Civil Action No. 21-37 |

## PLAINTIFF RANDY REAM'S ORIGINAL COMPLAINT

For his Original Complaint against Defendant Viking Enterprises, Inc. d/b/a City Ambulance Services, and Defendant Mohamad Massoud, Plaintiff Randy Ream shows the following:

### Introduction

1. Plaintiff brings this action under the Fair Labor Standards Act to recover unpaid wages, including unpaid overtime, for all hours worked. Plaintiff has been employed by Defendants for the last several years, and throughout his employment, has regularly worked extensive amounts of overtime (*i.e.*, hours over forty each week). Defendants violated the overtime provisions of the Fair Labor Standards Act by improperly classifying Plaintiff as an independent contractor and not paying Plaintiff an overtime premium for hours worked over forty each week. Plaintiff now sues for unpaid wages, liquidated damages, and all other relief to which he is entitled.

1

## Parties

2.     Plaintiff Randy Ream is an individual residing in Harrison County, Texas, and may be served with papers through the undersigned counsel.

3.     Defendant Viking Enterprises, Inc. d/b/a City Ambulance Services is a corporation organized under the laws of the State of Texas. It may be served with process through its Registered Agent, Mohamad Massoud, at 7007 Wimbledon Estates Dr., Spring, Texas 77379.

4.     Defendant Mohamad Massoud is an individual residing in Houston, Harris County, Texas. He may be served with Process at 7007 Wimbledon Estates Dr., Spring, Texas 77379.

## Jurisdiction and Venue

5.     The Court possesses subject matter jurisdiction over this case because Plaintiff asserts claims under the Fair Labor Standards Act. Accordingly, the Court possesses subject matter jurisdiction under 28 U.S.C. Section 1331. Venue is proper in the Western District of Texas because Plaintiff worked for Defendants within the geographic confines of the District and because Defendants maintains operations within the Western District of Texas and the San Antonio Division. Additionally, some of the FLSA violations complained of in this lawsuit occurred within the geographic boundaries of the San Antonio Division.

## Statement of Facts

6.     Defendant Viking Enterprises operates an ambulance service in various cities across Texas, including but not limited to San Antonio. At all times relevant to this lawsuit, Viking has been an employer within the meaning of the Fair Labor Standards Act, and has had gross annual sales in excess of $500,000.00. Viking is owned, operated, and managed by Defendant Mohamad Massoud, who was directly responsible for the illegal pay practices complained of in this lawsuit. As such Defendant Massoud is likewise an employer within the meaning of the FLSA.

7. Defendants hire and employ EMTs (emergency medical technicians) and paramedics to make ambulance calls, and transport and treat patients. Plaintiff Randy Ream started working for Defendants in 2015 as an EMT. He was classified as an employee paid on an hourly basis, but in July 2017, Defendants made Plaintiff an "independent contractor" paid on a day-rate basis. Defendants then "promoted" Plaintiff to a management position but continued to classify him as an independent contractor, and significantly, continued to pay him on a day rate basis, normally working 24-hour shifts. However, when Plaintiff did not work an entire shift, he would be docked and would be paid only a pro-rated amount. Plaintiff remained in a management position until February of 2019, when he returned to full-time EMT duties. Defendants continued to pay him on a day rate basis. In January of 2020, Plaintiff was required to create an "LLC" and to bill Defendants through the LLC.

8. Although Defendants Plaintiff and other employees as contractors, the truth is that Plaintiff should have classified Plaintiff as an employee. The evidence will establish that Defendants controlled the details of the work, provided all facilities, supplies and equipment, and the services provided by Plaintiff were integral to Defendants' business. Moreover, Plaintiff had no opportunity for profit and loss, and his relationship with Defendants has been longstanding, extending for more than 3 years. The evidence will establish that even the LLC was a simply a device to avoid liability for overtime under the FLSA.

9. Plaintiff should have been classified as non-exempt from the minimum wage and overtime provisions of the FLSA. This is because Plaintiff was not paid on a "salary" basis. He was paid on a day-rate basis. Even then, Plaintiff was docked when he did not work an entire shift. So he was never guaranteed the minimum weekly salary necessary to qualify for the white-collar

3

exceptions under the FLSA. Moreover, Defendant did not meet the requirements of 29 C.F.R. Section 541.604(b).

10. Although Plaintiff worked extensive amounts of overtime over the last three years, Defendants refused to pay Plaintiff the required overtime premium in violation of the FLSA.

11. At all times relevant to this lawsuit, Defendants has known that Plaintiff should have been classified as an employee and that he was entitled to the overtime premium for hours worked over forty each workweek.

### Causes of Action: Violations of FLSA—
### Failure to Pay Plaintiff the Overtime Premium

12. Plaintiff re-alleges and reincorporate paragraphs 1 through 11 supra.

13. Plaintiff was an employee, not an independent contractor, and was non-exempt from the overtime provisions of the FLSA.

14. The FLSA requires that covered employers pay non-exempt employees an overtime premium of one-and-a-half times the regular rate for each and every hour worked over forty each workweek. Plaintiff further pleads that, at all times relevant hereto, Defendants were well aware that of the overtime provisions of the FLSA and that they were required to pay Plaintiff in compliance with the law. Nevertheless, Defendants failed to pay Plaintiff the required overtime premium.

15. Plaintiff alleges that Defendants' violations of the FLSA were willful, and as such, Plaintiff is entitled to invoke the FLSA's three-year statute of limitations.

16. Accordingly, Plaintiff is entitled to recover his overtime premium and an equal amount in liquidated damages. Additionally, because Plaintiff has been compelled to retain legal counsel to bring this action to recover monies due him, Plaintiff is entitled to an award of attorney fees.

## Jury Trial

17. Plaintiff demands a trial by jury.

## Prayer

Plaintiff prays that, upon final judgment, he be awarded the following:

a. All unpaid wages, including unpaid overtime;

b. An equal amount in liquidated damages;

c. Attorney fees and costs;

d. Pre- and post-judgment interest;

e. All other relief to which Plaintiff is entitled.

Respectfully submitted,

/s/ Michael V. Galo, Jr.
Michael V. Galo, Jr.
State Bar No. 00790734
Galo Law Firm, P.C.
4230 Gardendale, Bldg. 401
San Antonio, Texas 78229
Telephone: 210.616.9800
Facsimile: 210.616.9898
mgalo@galolaw.com
Attorney for Plaintiff
Randy Ream